# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
KEVIN SPARROW and DANIELLE  \*
SPARROW, parents and natural guardians,  \*
on behalf of L.S.,  \*
                                  \*     No. 18-295V
          Petitioners,     \*     Special Master Christian J.
                                \*     Moran
                                \*
v.                               \*
                                \*     Filed: October 25, 2021
SECRETARY OF HEALTH  \*
AND HUMAN SERVICES,  \*     attorneys' fees
                                \*
          Respondent.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Scott B. Taylor</u>, Urban & Taylor, S.C., Milwaukee, WI, for petitioner;
<u>Laurie Wiesner</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

    Seeking compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012), Kevin and Danielle Sparrow claim that a mumps-measles-rubella vaccine caused their daughter, L.S., to suffer acute

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

disseminated encephalomyelitis. Counsel of record for the Sparrows is Scott Taylor.

The Sparrows are requesting an award of attorneys' fees and costs on an interim basis. Pet'r's Mot., filed Sept. 22, 2021. The Secretary has not opposed this request. Resp't's Resp., filed Oct. 6, 2021. For the reasons that follow, **the Sparrows are awarded $82,257.40**.

I.  **Abbreviated Procedural History**

The Sparrows initiated this litigation by filing a petition on February 27, 2018. Mr. Taylor has represented them throughout this case. After the Sparrows submitted medical records, the Secretary advised that they should not receive compensation. Resp't's Rep., filed Dec. 20, 2018.

The parties presented reports from doctors whom they retained for this litigation. The expert witness for the Sparrows is Dr. Lawrence Steinman, who has often participated in the Vaccine Program. His reports are exhibits 18 and 42. The Secretary has filed reports from Dr. Robert Fujinami and Dr. Michael Sweeney.

After the parties finished submitting reports from these experts, the parties explored a potential informal resolution. However, the Secretary stated that he was not interested in settlement. Resp't's Status Rep., filed Jan. 19, 2021. Accordingly, the parties submitted briefs in advance of adjudication. A hearing is scheduled for July 14–15, 2022. Order, issued Sept. 13, 2021.

The Sparrows filed their pending motion on September 22, 2021, requesting fees for work Mr. Taylor performed and costs incurred in the litigation, including costs for Dr. Steinman's work. The Sparrows argue that an award of interim fees and costs is appropriate because their case was filed with good faith and a reasonable basis, and counsel has borne considerable fees and costs. Pet'r's Mot.

The Secretary did not oppose the Sparrows' request. Instead, he stated that he "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008)." Resp't's Resp., filed Oct. 6, 2021, at 2.

This matter is now ripe for adjudication.

## II.     Analysis

The Sparrows' motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, are the Sparrows eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, as a matter of discretion, should the Sparrows be awarded their attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

### A.     Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352.  Since the Sparrows have not received compensation from the Program, they may be awarded "compensation to cover [their] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa–15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs.  Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

The Secretary has not challenged the Sparrows' good faith here, and there is little doubt that the Sparrows brought the claim with an honest belief that a vaccine injury occurred.  Similarly, the Secretary has not challenged the reasonable basis for this claim.  Dr. Steinman's reports satisfy the reasonable basis standard.

### B.     Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship." Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Federal Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In this case, however, an interim award is appropriate.  The proceedings have been ongoing for more than three years and will probably continue for another year at least.  In addition, the

Sparrows' counsel has expended funds on two expert reports. These circumstances support an award of attorneys' fees and costs on an interim basis.

### C. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e)(1). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

#### 1. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895 n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[2]

---

[2] The 2015–2016, 2017, 2018, 2019, 2020, and 2021 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates

4

The Sparrows propose reasonable rates for Mr. Taylor in the amount of $375.00/hour in 2015; $385.00/hour in 2016 and 2017; $396.00/hour in 2018; $404.00/hour in 2019; and $421.00/hour in 2020; and $444.00/hour in 2021.  The Secretary does not dispute the Sparrows' counsel's entitlement to these rates.  Given Mr. Taylor's level of experience, the undersigned finds these rates to be reasonable.  Isaacson v. Sec'y of Health & Human Servs., No. 14-1056V, 2021 WL 4596110 (Fed. Cl. Spec. Mstr. Sept. 7, 2021).

2. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Taylor's time entries provide adequate detail to assess their reasonableness, mostly.  While most of the activities were reasonable for someone to perform, Mr. Taylor has performed tasks such as communicating with the Sparrows in the process of gathering medical records, reviewing medical records, and drafting routine notices of filing that a paralegal could perform.  An attorney should not charge an attorney's high hourly rate for work that a lower-charging person can do.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties.").  Adjusting the time spent on these tasks to the rate of a paralegal results in a reduction of $7,500.

While most of Mr. Taylor's entries contain an appropriate level of detail, two large entries do not.  Mr. Taylor's invoice includes a single entry for 52.4 hours for work performed from March 20, 2021 to April 19, 2021.  The description is "Review file, extensive drafting, preparation, editing, revising, finalization and filing Petitioner's prehearing submission, including review of numerous pieces of medical literature, analysis of burden of proof, and legal research into additional cases involving petitioner's medical theory."  A similar, but smaller, entry is for 7.5 hours for work performed from June 22, 2021 to July 19, 2021.  The

---

contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

5

description is "Review file, drafting, preparation, editing, revising, finalization and filing Petitioner's Reply to respondent's Brief Opposing Entitlement, including review of medical literature."

At the onset of the case, Mr. Taylor was advised that "Each discrete task should have a specific entry. A rule of thumb is that tasks that require more than one hour should be further refined." Order regarding attorneys' fees, issued Mar. 5, 2018, at 5. Multiple cases have advised against block billing because the vagueness of the entries frustrate attempts to assess the reasonableness of the activity. See Abbott v. Sec'y of Health & Human Servs., 135 Fed. Cl. 107 (2017) (holding that the special master acted within his discretion in reducing an award based on vague billing entries); see also Almanza v. United States, No. 13-130, 2018 WL 1704521, at *7 (Fed. Cl. Apr. 9, 2018) (reducing specific time entries with block billing by 50 percent because the Court could not assess the reasonableness of the activity). To account for the vagueness, 20 percent is eliminated from these entries, causing a reduction of $5,319.12

Accordingly, the Sparrows are awarded attorneys' fees in the amount of **$59,795.98**. This amount is reasonable for work performed through September 15, 2021.

### 3. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). For attorneys' costs through September 15, 2021, the Sparrows requested $936.42, consisting of filing fees, acquiring medical records, and photocopies. See Pet'r's Mot., Fees Exhibits C and D. These costs are reasonable. The Sparrows stated that they did not incur any costs personally.

For the expert-related costs through September 15, 2021, the Sparrows have requested compensation for the expert fees of Dr. Steinman, totaling $23,375. Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017). A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work. Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 218–25 (2009).

Dr. Steinman's invoices reflect that he has spent 42.5 hours on this case. Fee Exhibit E. The number of hours appears reasonable.

Dr. Steinman has invoiced at $550 per hour. However, Dr. Steinman has usually been compensated at a rate of $500 per hour and the Sparrows have not presented any argument for this increase. See B.A. v. Sec'y of Health & Human Servs., No. 11-51V, 2019 WL 460941, at *4 (Fed. Cl. Spec. Mstr. Jan. 10, 2019). For Dr. Steinman's work in 2021, the proposed rate of $550 per hour is reasonable, but $500 per hour remains reasonable for work performed in 2019 and 2020. Thus, a reasonable amount of compensation for Dr. Steinman is $21,525.

The Sparrows are awarded costs in the amount of **$22,461.42.**

### III.  Conclusion

Accordingly, the Sparrows are awarded:

**A lump sum of $82,257.40 in the form of a check made payable to the Sparrows and the Sparrows' attorney, Scott B. Taylor.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).